**J. Dorsey ADAMS, Appellant,**

v.

**J. Allen RHODES, Appellee.**

No. 17761.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 15, 1976.

Rehearing Denied Nov. 19, 1976.

Hooper, Kerry, Chappell & Broiles, and David F. Chappell, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller, and Kleber C. Miller and Eugene J. Dozier, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Rhodes obtained judgment for principal, interest and attorney's fees on a promissory note against Adams, from which the latter has appealed.

Reversed and remanded.

As the case reaches this Court there is no question but that Rhodes' case on the note

sued upon was made out. The controlling question relates to whether on trial Adams had the entitlement to have his sworn affirmative defense of failure of consideration submitted to the jury, and whether there was reversible error because the trial court had not submitted it.

At time immediately prior to the submission of the case to the jury on the charge of the court Adams presented in writing the specially requested issues (in one instrument) as follows:

"J. Dorsey Adams, prior to the submission of the above cause to the jury, requests the submission of the following issues to the jury:

"(1) Did J. Allen Rhodes agree to cancel certain promissory notes held by the Mansfield State Bank in consideration for the Defendant J. Dorsey Adams signing the promissory note of May 30, 1970? Answer: 'yes' or 'no'; Answer _____.

"(2) Did J. Allen Rhodes fail to secure the cancellation of the promissory notes set forth in Special Issue 1? Answer: 'yes' or 'no'; Answer _____."

On the foregoing the following is to be noticed: (a) the record shows that at the time of the execution of the note in question, as well as the time of the execution of the "certain promissory notes held by the Mansfield State Bank" inquired about by the requested special issue, Rhodes was the chief executive officer of the Mansfield State Bank; (b) the record also shows without dispute, and it is conceded, that those same promissory notes inquired about had not been cancelled by the bank. As result the only important part of the requested issues was that listed as No. (1).

At time there was request for Special Issue (1) the trial court had prepared the Charge of the Court pursuant to the provisions of T.R.C.P. 272, "(Charge to the Jury) Requisites." It is at this stage of the proceedings that the court presents the proposed charge to the attorneys for the respective parties so that they may in turn make their objections thereto and, if necessary, present in writing any specially requested issues, etc., desired to be included in the Charge of the Court. T.R.C.P. 279, "Submission of Issues."

To be noticed is that in the instructions in the Court's Charge at time of the court's presentment, the following was included:

"Answer all questions 'Yes' or 'No' unless otherwise instructed. Answer 'Yes' if you so find from a preponderance of the evidence, as defined hereinabove; otherwise answer 'No'."

But for the instruction quoted from the charge there would exist the deficiency in Adams' specially requested issue, which Rhodes insists does nevertheless exist despite the instruction, viz: that since the burden by the requested issue was not properly placed upon Adams as the complaining party, the trial court was at liberty to refuse to submit it because it did not meet the prescribed requirement that, as requested, it be "in substantially correct wording."

■ A specially requested special issue, definition, or explanation cannot be substantially correct if its insertion in the charge in the exact words requested would, upon proper objection, constitute affirmative error upon an appeal by the opponent. 3 McDonald, Texas Civil Practice, 1970 Revised Volume, p. 425, "Jury Trial: Charge," Sec. 12.33.2, "(Preparation of the Charge,— D. Requests for special Issues, Definitions, and Explanatory Instructions; ——(II) Request in Substantially Correct Form);—— (b) Text." By the briefs of the parties it is clear that the foregoing is conceded to be a correct statement of the law.

■ Since by the instruction already in the charge the burden of proof upon the answer sought to be obtained was properly placed on Adams; since from the evidence Rhodes was at all material times the chief executive officer for the bank; since the law settled the answer to Specially Requested Issue (2); and since an affirmative answer would therefore support the affirmative defense plead by Adams on the ground that there had been a failure of consideration for his execution of the note,

the trial court erred by refusing to submit the Specially Requested Issue (1).

█ Neither party has been able to find a decision squarely upon the matter of failure to include in the specially requested issue language which would properly place the burden thereon, nor by our independent search have we found any. Our holding is that there is not the necessity to do so where by other language in the charge there is instruction which properly places this burden as applied to the specially requested issue.

By our review of the evidence adduced on trial we find that there was evidence of probative force and effect which supported Adams' affirmative defense of failure of consideration. That defense having been properly plead, there was error in refusing submission of the specially requested issue by which Adams might have received a finding in support.

Reversed, with cause remanded for new trial.